UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| KENNETH G. CHARRON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 2:18-CV-32-SNLJ |
| MIGUEL PANIAGUA, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM and ORDER

This matter is before the Court on defendants Larry Allen and Miguel Paniagua's motions for summary judgment (#31, #35). Plaintiff, acting *pro se*, responded in opposition to defendant Allen's motion, but he did not respond to defendant Paniagua's motion. The time for doing so has passed.

### I. Factual Background

The following facts are undisputed except where indicated. Plaintiff is and was at all relevant times an inmate incarcerated at the Northeast Correctional Center ("NECC") in the Missouri Department of Corrections ("MDOC"). Defendant Dr. Paniagua is a doctor at NECC. Defendant Allen is employed by MDOC as a food service manager at NECC. Plaintiff has multiple medical diagnoses, including cancer, renal problems for which he has had multiple surgeries, and a host of other issues. For some time, plaintiff was on a "renal diet" as part of his treatment. Dr. Paniagua authorized a rental diet with double portions at all meals for plaintiff on April 24, 2017.

1

Prison medical policy is that renal diets are to be utilized for dialysis patients only. On March 29, 2018, Dr. Jerry Lovelace cancelled the renal diets of several offenders, including plaintiff, because the offenders were not on dialysis. Plaintiff filed this lawsuit under 42 U.S.C. § 1983 claiming his constitutional rights were violated when his renal diet was canceled. He states that the cancellation of his renal diet was both deliberately indifferent to his serious medical need and that it was in retaliation of the exercise of his constitutionally protected rights.

Defendants have moved for summary judgment.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). (emphasis added).

With these principles in mind, the Court turns to the discussion.

## III. Discussion

Deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "'Serious medical need' has been defined as a medical need which 'has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351

3

(8th Cir. 1991); *see also Simmons v. Cook*, 154 F.3d 805, 807-08 (8th Cir. 1997) (quoting *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997) ("A medical need is serious if it is obvious to the layperson or supported by medical evidence.")). "To show deliberate indifference, [a plaintiff] must prove an objectively serious medical need and that prison officers knew of the need but deliberately disregarded it." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

First, the Court addresses defendant Dr. Paniagua's motion, to which the plaintiff has not responded. Defendant Paniagua ordered plaintiff's renal diet, but the undisputed evidence shows that Paniagua was not responsible for cancellation of the renal diet. As such, plaintiff cannot show that Paniagua was involved in any alleged deprivation. Summary judgment will thus be granted to Paniagua.

As for defendant Allen, plaintiff claims Allen was deliberately indifferent to his serious medical need by not providing plaintiff with his doctor-ordered medical diet. Plaintiff also claims Allen retaliated against plaintiff for filing IRRs and Grievances against Allen and Allen's wife (a nurse at the prison) by not giving him his doctor-ordered medical diet. As with Paniagua, however, it is clear from the record that defendant Allen was not responsible for canceling plaintiff's renal diet. Defendant Allen, as the food service manager, does not make those decisions—in this case, nonparty Dr. Jerry Lovelace made that decision. Defendant Allen was not responsible for the deprivation about which plaintiff complains. As a result, defendant Allen could not be responsible for either a deliberate indifference or a retaliation claim.

## IV. Conclusion

Summary judgment will be granted to both defendants int his matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Larry Allen and Miguel Paniagua's motions for summary judgment (#31, #35) are GRANTED.

Dated this 11th day of March, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE